# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARLEEN SANDS,

                 Plaintiff,

     v.

ALLSERVE BUSINESS SUPPORT, INC. and
DANIEL J. WUKICH,

                 Defendants.

Civil Action No.:  2:20-cv-142

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Darleen Sands ("Sands") by her attorneys, Stember Cohn & Davidson-Welling, LLC, brings the following Complaint against Defendant Allserve Business Support, Inc. ("Allserve") and Daniel J. Wukich ("Wukich"), and allege the following in support:

## PRELIMINARY STATEMENT

1.     Sands bring this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act 43 P.S. §§ 951, *et seq.* ("PHRA"), alleging that her former employer, Allserve, subjected her to discrimination, harassment, and retaliation in violation of Title VII and the PHRA. Sands also asserts common law tort claims of assault, battery, and intentional infliction of emotional distress based on the sexually violent conduct of Wukich, who is Allserve's owner.

## PARTIES

2.     Plaintiff Darleen Sands ("Sands") is an adult individual who resides in Westmoreland County, Pennsylvania.

3.     Defendant Allserve Business Support, Inc. ("Allserve" or "the Company") is a corporation registered in the Commonwealth of Pennsylvania, and is headquartered at 2030 Ader Road in Jeannette, Pennsylvania.

4.     Allserve is part of an integrated enterprise, composed of several businesses including Premier Healthcare Resources, Inc.; Quest Healthcare Compliance Associates, Inc.; Quest Healthcare Development, Inc.; and Danan Healthcare Consulting Group, Inc. (referred to collectively as "the Integrated Enterprise").

5.     Each company in the Integrated Enterprise is owned and operated by Defendant Wukich, and all are located at 2030 Ader Road, Jeannette, Pennsylvania.

6.     At all relevant times, Allserve, individually and as part of the above-referenced Integrated Enterprise, has employed 15 or more employees.

7.     At all relevant times, Allserve has been an "Employer" within the meaning of Title VII and the PHRA.

8.     Defendant Daniel J. Wukich is an adult individual who resides in Westmoreland County, Pennsylvania and, as noted, the owner of Allserve and the entities that constitute the Integrated Enterprise.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367.

10.     Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Western District of Pennsylvania, as the facts and causes of action asserted arose from events that occurred in Westmoreland County, Pennsylvania.

## **FACTS**

11.     On or about July 10, 2018, Daniel Wukich ("Wukich"), scheduled Sands for an interview for an Executive Assistant position.

12.     During this "working" interview (which was unpaid), Sands accompanied Wukich in a van to Presque Isle Downs, where one of his horses was scheduled to race.

13.     On the way, Wukich told Sands to look at the television screen installed in the van where he was displaying a pornographic film.

14.     Repulsed, Sands tried to change the subject, but Wukich kept directing her attention to the screens displaying pornography.

15.     Throughout the trip to Presque Isle, Wukich told Sands several times about how far back the van's seats recline, in reference to their usefulness for sexual activity.

16.     While Sands was extremely uncomfortable, she also needed a job, so she tried to disregard the conduct and move on with her day.

17.     Wukich returned with Sands to the Allserve office in Jeannette, and asked her to come to his office to talk about the job. Sands was uncomfortable as it was already 10:30 p.m., but she reluctantly agreed to go talk with him.

18.     Wukich told Sands that "this is a nice job" and "anyone who gets it is lucky," and then asked Sands if she would want to be his "woman."

19.     Sands replied that she was only interested in the job, not being his "woman."

20.     As Sands and Wukich exited the building, Wukich told her to walk in front of him. He then made sexual comments about Sands' body, saying "nice ass…and your tits aren't bad either."

21.     Sands was offended, but pretended not to hear him and said, "Excuse me?" to which Wukich replied, "You heard me; you're older but you still got it."

3

22.     Sands began to leave, and Wukich insisted on walking her to her car.

23.     In the parking lot, Wukich asked Sands for a hug. Feeling she had no real choice, Sands reluctantly agreed.

24.     However, Wukich did not merely hug Sands. Instead, he reached out, groped her breast and pulled her closely to him, and then forcibly kissed her on the mouth.

25.     Sands told Wukich that she "said a hug, not that." Wukich laughed at her.

26.     On July 23, 2018, Allserve offered Sands an Administrative Assistant position—essentially a front desk clerk—which she started two days later.

27.     While Sands was uncomfortable with Wukich, she anticipated moving into a staffing position (fitting her experience in healthcare staffing), so she reluctantly accepted.

28.     However, within days of Sands starting her new position, Wukich resumed his sexual harassment.

29.     For example, Wukich asked Sands to do menial tasks so that he could leer at her, often asking Sands to get on her knees at the same time, and commenting about Sands' body.

30.     For another example, while Sands was wrapping Christmas presents for Wukich—a task he assigned to her, even in August and September—he walked up behind her closely and said "nice ass."

31.     On another occasion, while trying to fix Wukich's CD player (at his instruction), he told her to "get on your knees." When Sands refused, he said "then bend over and let me see your ass." Sands emphatically refused and left the room, making it abundantly clear that the advances were unwelcome.

32.     Sands reported Wukich's conduct several times, including to Sarah Corridoni (the Company's Human Resources Manager). In response, Corridoni said, "That's just how he is. That's the norm around here."

33.     In or around mid-October 2018, Wukich asked Sands about the cost of the housekeeping service she used.

34.     Sands replied that it depended on things like whether you needed the service to launder your bedsheets. In response, Wukich said, "Why would I need my sheets cleaned? Do you want to come see if they're dirty? Or do you want to come make them dirty?" Sands walked away in disgust.

35.     The next day, Wukich said to Sands, "Well, what's your answer?" Sands replied, "To what?" Wukich said, "Are you so old you can't even remember? I asked if you want to come down and dirty my sheets?" Sands said "no" and again walked away in disgust.

36.     During a conversation in late October, 2018, Wukich told Sands that she was "going to end up in a mobile home, mowing your own grass, unless…." After a short pause, he then asked Sands, "How much would it take to get you to go my house, take off your panties, and wait for me there?"

37.     Sands replied, "There's not enough money in the world for me to do that."

38.     A few days later, on November 2, 2018, Wukich told Sands to retrieve four Christmas gifts he had purchased for someone named "Marty."

39.     Sands looked, but told him she could only locate three of the gifts.

40.     Wukich replied, "You have old eyes, go look again."

41.     Sands later called to report that she had found the missing present, which had been misplaced by someone else. Wukich then demanded that Sands report to his office for a meeting with him and Corridoni.

42.     During the meeting, Wukich presented Sands with a document indicating that he would be lowering her pay from $14/hour to $12/hour as punishment for having "lost" the gift, and demanded that she sign it.

43.     Sands refused to sign the document lowering her pay, saying that she was going to call an attorney because she believed Wukich punishing her for not accepting his sexual harassment.

44.     Approximately one hour later, Corridoni approached Sands at her desk to ask whether she had signed the document.

45.     Sands told Corridoni that she refused to sign it until she spoke with an attorney, and that she was trying to call an attorney because Wukich's real motivation for lowering her pay was her refusal to submit to his sexual advances.

46.     Corridoni reported Sands' refusal to Wukich.

47.     A few minutes later, Corridoni returned, and explained that Sands was being terminated, because she was calling attorneys "on his time."

48.     Sands was shocked. She said to Corridoni, "You know he needs to be stopped."

49.     Corridoni replied saying, "Darleen, you know we need our jobs."

50.     In summary, Wukich subjected Sands to a hostile work environment, sexually harassed and assaulted Sands, and retaliated against Sands for refusing his advances and opposing his harassment.

51.     As a result of Defendants' conduct, Sands has suffered, and will continue to suffer, a substantial loss of earnings, including, but not limited to, loss of salary, benefits, and other emoluments of employment.

52.     As a result of Defendants' harassment, discrimination and retaliation, Sands has experienced emotional distress and humiliation.

53.     By sexually assaulting, harassing, discriminating against, and retaliating against Sands, by ignoring and refusing to investigate her protected complaints, and by terminating her in response to her protected complaints, Defendants acted willfully and in reckless disregard of Sands' rights under Title VII and the PHRA.

54.     Plaintiff has exhausted administrative remedies prerequisite to her claims under Title VII prior to filing this action.

55.     Plaintiff's claims under the PHRA will be deemed administratively exhausted on February 28, 2020 (before the deadline for Defendants to serve their Answer to this Complaint under Fed.R.Civ.P 4(d)(3)).

## COUNT I — VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964
### (Discrimination and Sexual Harassment—Allserve)

57.     The foregoing paragraphs are incorporated by reference.

58.     As a result of the above-described conduct, Sands was subjected to sexual harassment, such that it created a hostile work environment, within the meaning of Title VII.

59.     The sexual harassment experienced by Sands was sufficiently severe and pervasive as to alter the conditions of her employment.

60.     The Company is liable for the sexual harassment of Sands under Title VII, because the individual responsible for the harassing conduct is an "alter ego" of the Company.

61.     Further, the Company took no action to prevent or correct the harassment faced by Sands. Instead, the Company terminated her.

62.     As a result of Defendant's harassment, Sands suffered harm, including lost wages and benefits, emotional distress, physical injury and humiliation.

## COUNT II — VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
### (Discrimination and Sexual Harassment—Allserve and Wukich)

63.     The foregoing paragraphs are incorporated by reference.

64.     At all relevant times, Allserve was an "employer" within the meaning of the PHRA.

65.     As a result of the above-described conduct, Sands was subjected to sexual harassment, such that it created a hostile work environment, within the meaning of the PHRA.

66.     The sexual harassment experienced by Sands was so severe and pervasive as to alter the conditions of her employment.

67.     Wukich aided and abetted the sexual harassment of Sands.

68.     The Company and Wukich are liable for the sexual harassment of Sands under the PHRA, because Wukich personally participated in the discriminatory and harassing conduct.

69.     Further, the Company took no action to prevent or correct the harassment faced by Sands.  Instead, the Company (and Wukich) terminated her.

70.     As a result of Defendants' harassment, Sands has suffered harm, including lost wages and benefits, emotional distress, physical injury and humiliation.

## COUNT III — VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964
### (Retaliation—Allserve)

71.     The foregoing paragraphs are incorporated by reference.

72.     As described above, Sands opposed the above-described sexual harassment within the meaning of Title VII.

73.     In response to Sands' reports, the Company retaliated against Sands by continuing to subject her to harassment and threats, by lowering her pay, by refusing to investigate her complaints, and by terminating her employment.

74.      As a result of Defendants' retaliation, Sands has suffered harm, including lost wages and benefits, emotional distress, physical injury and humiliation.

### COUNT IV — VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
#### (Retaliation—Allserve and Wukich)

75.     The foregoing paragraphs are incorporated by reference.

76.     As described above, Sands opposed the above-described sexual harassment within the meaning of the PHRA.

77.     In response to Sands' reports, the Company retaliated against Sands by continuing to subject her to harassment and threats, by refusing to investigate her complaints, and by terminating her employment.

78.     Wukich aided and abetted the retaliation against Sands.

79.     The Company and Wukich retaliated against Sands by continuing to subject her to harassment and threats, by refusing to investigate her complaints, and by terminating her employment.

80.     Wukich is liable for the retaliation against Sands under the PHRA, because Wukich personally participated in the retaliatory conduct.

81.      As a result of Defendants' retaliation, Sands has suffered harm, including lost wages and benefits, emotional distress, physical injury and humiliation.

### COUNT V — BATTERY
**(Against Defendant Wukich)**

82.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

83.     As described above, Defendant Wukich intentionally engaged in unwanted and offensive physical contact with Plaintiff, without Plaintiff's consent.

84.     In this regard, Defendant Wukich's actions constitute battery within the meaning of Pennsylvania common law.

85.     As a direct result of Defendant Wukich's actions, Plaintiff has suffered physical injury, pain, humiliation, embarrassment and other emotional distress.

### COUNT VI — ASSAULT
**(Against Defendant Wukich)**

86.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

87.     As described above, while engaging in unwanted and offensive physical contact with Plaintiff, without Plaintiff's consent, Defendant Wukich intentionally placed Plaintiff in imminent fear of bodily harm.

88.     In this regard, Defendant Wukich's actions constitute assault within the meaning of Pennsylvania common law.

89.     As a direct result of Defendant Wukich's actions, Plaintiff has suffered mental anguish, humiliation, embarrassment and other emotional distress.

### COUNT VII — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against Defendants Wukich and Danan)**

90.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

91.     Defendants Allserve and Wukich, in his individual capacity as a participant in the wrongful conduct, intentionally placed Plaintiff in imminent fear of bodily harm.

96.     As described above, Defendants' conduct was outrageous.

97.     In this regard, Defendants' actions constitute intentional infliction of emotional distress within the meaning of Pennsylvania common law.

98.     As a result of Defendants' outrageous conduct, Plaintiff has suffered, and continues to suffer, severe emotional distress

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court find in her favor on all counts, enter judgment on her behalf, and award her:

a)      Back pay and front pay, lost benefits and emoluments of employment;

b)      General, consequential and compensatory damages;

c)      Liquidated damages;

d)      Punitive damages;

e)      Medical and related expenses;

f)      Interest and costs of this action;

g)      Reasonable attorneys' fees; and

h)      Any other relief that the Court considers proper.

Respectfully submitted,

Dated: January 28, 2020

/s/Vincent J. Mersich

Vincent J. Mersich, Esquire
PA ID No. 310971
vmersich@stembercohn.com
Jonathan K. Cohn, Esquire
PA ID No. 92755
jcohn@stembercohn.com
**STEMBER COHN &**
**DAVIDSON-WELLING, LLC**
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA  15219
T.: (412) 338-1445
F.: (412) 338-1446

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARLEEN SANDS,

        Plaintiff,

    v.

ALLSERVE BUSINESS SUPPORT, INC. and
DANIEL J. WUKICH,

        Defendants.

Civil Action No.:

**JURY TRIAL DEMANDED**

## DEMAND FOR TRIAL JURY

Plaintiff hereby demands a jury trial on all issues so triable in the above-captioned action.

        Respectfully submitted,

Dated: January 28, 2020

/s/Vincent J. Mersich
Vincent J. Mersich, Esquire
PA ID No. 310971
vmersich@stembercohn.com
Jonathan K. Cohn, Esquire
PA ID No. 92755
jcohn@stembercohn.com
**STEMBER COHN &
      DAVIDSON-WELLING, LLC**
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA  15219
T.: (412) 338-1445
F.: (412) 338-1446

*Attorneys for Plaintiff*

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DARLEEN SANDS

**DEFENDANTS**

Allserve Business Support, Inc. and Daniel J. Wukich

**(b)** County of Residence of First Listed Plaintiff    Westmoreland
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Vincent J. Mersich, Esquire and Jonathan K. Cohn, Esquire
Stember Cohn & Davidson-Welling, LLC     T.:  (412) 338-1445
425 First Avenue, 7th Floor, Pittsburgh, PA 15219

Attorneys (If Known)
Lawrence D. Kerr, Esq., TREMBA, KINNEY, GREINER & KERR LLC
302 West Otterman Street
Greensburg, PA 15601

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  (U.S. Government Not a Party)
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original
  Proceeding
- ☐ 2  Removed from
  State Court
- ☐ 3  Remanded from
  Appellate Court
- ☐ 4  Reinstated or
  Reopened
- ☐ 5  Transferred from
  another district
  (specify)
- ☐ 6  Multidistrict
  Litigation
- ☐ 7  Appeal to District
  Judge from
  Magistrate
  Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. Section 2000(e), et seq and 43 P.S. Section 951, et seq.
Brief description of cause:
Sexual harassment, sex discrimination, and unlawful retaliation.

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):    JUDGE   Lisa Pupo Lenihan      DOCKET NUMBER   2:20-cv-00122-LPL

DATE
01/29/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/Vincent J. Mersich

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44AREVISED June, **2009**
IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**

    This case belongs on the ( ◯ Erie   ◯ Johnstown   ⦿ Pittsburgh) calendar.

1. **ERIE CALENDAR -** If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean. Venang or Warren, OR any plaintiff or defendant resides in one of said counties.

2. **JOHNSTOWN CALENDAR -** If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.

3. Complete if on **ERIE CALENDAR**: I certify that the cause of action arose in_____ County and that the _____resides in_____County.

4. Complete if on **JOHNSTOWN CALENDAR**:  I certify that the cause of action arose in _____County and that the_____resides in _____County.

**PART B** (You are to check ONE of the following)

1. ⦿ This case is related to Number 2:20-cv-00122-LPL . Short Caption Wingrove v. Danan Healthcare

2. ◯ This case is not related to a pending or terminated case.

DEFINlTIONS OF RELATED CASES:

CIVIL:  Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit EMINENT DOMAIN:  Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related. HABEAS CORPUS & CIVIL RIGHTS:  All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PARTC**

I. CIVIL CATEGORY (Place **x** in only applicable category).

    1. ◯  Antitrust and Securities Act Cases
    2. ◯  Labor-Management Relations
    3. ◯  Habeas corpus
    4. ⦿  Civil Rights
    5. ◯  Patent, Copyright, and Trademark
    6. ◯  Eminent  Domain
    7. ◯  All  other federal question cases
    8. ◯  All  personal  and property damage tort cases,  including  maritime,  FELA, Jones Act, Motor vehicle, products liability, assault, defamation,  malicious  prosecution, and false arrest
    **9.** ◯  Insurance indemnity, contract and other diversity cases.
    **10.**◯  Government Collection Cases (shall include HEW Student Loans (Education), V A  0verpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.),  HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, SBA Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

    I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

Date: 01/29/2020        /s/Vincent J. Mersich, Esquire

                                        ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.